## 8531

STATE *EX REL.* PHŒNIX MUTUAL LIFE INS. CO. v.
McMASTER, INSURANCE COMMISSIONER.

FOREIGN INSURANCE COMPANIES—CONSTITUTIONAL LAW—EQUAL PROTEC-
TION OF LAW—MANDAMUS.—Under the act of 1910, sec. 772, the
Insurance Commissioner is authorized to satisfy himself by proper
evidence that a foreign insurance company possesses the necessary
qualifications to do business in this State, and he may require of
such company as a condition precedent to doing business in the State
either a deposit of securities or a bond, at his discretion, and that
company who has only offered a bond is not in position to say the
refusal of license is a denial to it of the equal protection of the law
because he permits others to do business upon giving bond.

Petition in the original jurisdiction of this Court by
Phœnix Mutual Life Insurance Company for writ of man-
damus against Fitz H. McMaster, as insurance commis-
sioner.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,* for
petitioner, cite: 134 U. S. 232, 594; 142 U. S. 339; 115 U.
S. 337.

*Attorney General J. Fraser Lyon,* contra.

March 15, 1912.   The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE GARY.   This is an application to the
Court, for a writ of mandamus, requiring the respondent to
issue to the petitioner, a license to do business in this State,
as a life insurance company; and, is in the nature of an
appeal, under and by virtue of the act of 1912 (page 768),
entitled: "An act to provide a method of appeal, from the
orders, rulings, or decisions of the insurance commissioner."
The questions under consideration, involve the construc-
tion of the act of 1910 (page 772), which contains this pro-
vision: "Before licensing any insurance company to do

business in this State, the insurance commissioner shall require each such company, to deposit with him an approved bond or approved securities, in the discretion of the commissioner, as follows: Each legal reserve life insurance company, twenty thousand dollars; each fire, accident or casualty, or surety insurance company, ten thousand dollars."

The petitioner tendered the fees for a license, and its bond with the Gulf & Atlantic Insurance Company as surety, but the respondent refused to issue a license, unless the petitioner would furnish him with an affidavit, showing that, at least, one-fourth of its reserve on South Carolina policies, had been invested in the securities named in the act of 1910. The following securities are mentioned in said act: "Bonds of this State, or of any county, city, or town of this State; or first mortgage bonds on real estate in this State; or first mortgage bonds of solvent domestic corporations, whose property is situate entirely within this State; or any property situate in this State and taxable therein."

The petitioner contends, that the refusal to issue the license, was an abuse of discretion; also, that it was in violation of Art. I, section 5 of the Constitution of this State, and the Fourteenth Amendment of the Constitution of the United States, in that the petitioner was denied the equal protection of the laws, and was deprived of his property without due process of law.

If the insurance commissioner had merely ruled, that he would not issue a license to the petitioner, unless it deposited with him approved securities, it would not have the right to compel him to accept an approved bond, as the statute, unquestionably, conferred upon him the power to exercise his discretion in this respect.

The petitioner, however, contends that it was beyond the powers conferred upon the respondent by the statute to refuse to issue the license, unless it showed that it had invested at least one-fourth of its reserve on South Carolina policies; that the effect of said ruling, is to impose

another condition, in addition to those mentioned in the statute, and therefore, that it was a nullity.

The petitioner did not offer to deposit with the insurance commissioner any *securities* whatever, nor to comply with the said ruling in any manner; but, in effect, attempted to exercise its own discretion, by insisting that the insurance commissioner should accept the *bond* which was tendered. Under these circumstances, the petitioner is not in a position to raise this question, as it has failed to show that said ruling was prejudicial to its rights.

This is conclusive of the case, but as the question whether the petitioner was denied the equal protection of the law fairly arises upon the record we will not decline to consider it.

The act of 1910 (page 772) provides: "Before granting a certificate of authority to do business in this State to any company, the insurance commissioner shall be satisfied by proper evidence that such applicant for license is duly qualified to do business under the laws of this State; that it is safe and solvent; that its dealings are fair and equitable; and that it conducts its business in a manner not contrary to the public interests."

It will thus be seen that the statute contemplates that the insurance commissioner must be satisfied by proper evidence, *in each and every case,* that the applicant possesses the necessary qualifications for doing business in this State, and that in each case he must determine whether the public interest would be best subserved by requiring the particular applicant to deposit an approved bond, or approved securities. By this construction alone can the discretionary powers conferred upon the commissioner be exercised and made effective. Therefore, the requirement that one applicant should deposit an approved bond and another applicant approved securities, is not a denial of the equal protection of the law.

From these conclusions it necessarily follows that the petitioner was not deprived of his property without due process of law.

It is the judgment of this Court that the application for a writ of mandamus be refused and the appeal dismissed.